UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| - v. – | S3 19 Cr. 497 (NSR) |
| NACHMAN HELBRANS, MAYER ROSNER, | |
| Defendants. | |

**THE GOVERNMENT'S REQUESTS TO CHARGE**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Sam Adelsberg
Jamie Bagliebter
Jim Ligtenberg
Daniel Tracer
Assistant United States Attorneys
        *Of Counsel*

## TABLE OF CONTENTS

# Contents

THE GOVERNMENT'S REQUESTS TO CHARGE . . . . . . . . . . . . . . . . . . . . . . . . 1

REQUEST NO. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

General Requests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REQUEST NO. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of the Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

REQUEST NO. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal
    Sexual Activity (18 U.S.C. §§ 2423(a)(e)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

REQUEST NO. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal
Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    First Element: Existence of a Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

REQUEST NO. 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal
Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Second Element: Membership in the Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . 9

REQUEST NO. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal
Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    The Object of the Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

REQUEST NO. 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal
Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    First Element of the Object of the Conspiracy: Transport in Interstate or Foreign
    Commerce . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

REQUEST NO. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal
Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    First Element of the Object of the Conspiracy: Consent of the Minor is Not a

i

Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

REQUEST NO. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

First Element of the Object of the Conspiracy: Knowledge . . . . . . . . . . . . . . . 17

REQUEST NO. 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Second Element of the Object of the Conspiracy: Intent . . . . . . . . . . . . . . . . 18

REQUEST NO. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Second Element of the Object of the Conspiracy: Criminal Sexual Activity . . . 20

REQUEST NO. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Second Element of the Object of the Conspiracy: Criminal Sexual Activity, New York Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

REQUEST NO. 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Second Element of the Object of the Conspiracy: Criminal Sexual Activity, Mexican Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

REQUEST NO. 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Second Element of the Object of the Conspiracy: Criminal Sexual Activity, Title 18 United States Code Section 2423(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

REQUEST NO. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Third Element of the Object of the Conspiracy: Age of Victim . . . . . . . . . . . 28

REQUEST NO. 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal
Sexual Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

    Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

REQUEST NO. 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Count Two: Conspiracy to Travel with Intent to . . . . . . . . . . . . . . . . . . . . . . . . 30

Engage in Illicit Sexual Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

REQUEST NO. 18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Count Two: Conspiracy to Travel with Intent to . . . . . . . . . . . . . . . . . . . . . . . . 31

Engage in Illicit Sexual Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

    The Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

REQUEST NO. 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Count Two: Conspiracy to Travel with Intent to . . . . . . . . . . . . . . . . . . . . . . . . 32

Engage in Illicit Sexual Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

    The Object of the Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

REQUEST NO. 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Count Two: Conspiracy to Travel with Intent to . . . . . . . . . . . . . . . . . . . . . . . . 33

Engage in Illicit Sexual Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

    First Element of the Object of the Conspiracy: Interstate or Foreign Travel . . 33

REQUEST NO. 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Count Two: Conspiracy to Travel with Intent to . . . . . . . . . . . . . . . . . . . . . . . . 34

Engage in Illicit Sexual Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

    Second Element of the Object of the Conspiracy: Illicit Sexual Conduct . . . . . 34

REQUEST NO. 22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Count Two: Conspiracy to Travel with Intent to . . . . . . . . . . . . . . . . . . . . . . . . 36

Engage in Illicit Sexual Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

    Second Element of the Object of the Conspiracy: Illicit Sexual Conduct . . . . . 36

REQUEST NO. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Count Three: Multi-Object Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

REQUEST NO. 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Count Three: Multi-Object Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

REQUEST NO. 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Count Three: Multi-Object Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

International Parental Kidnapping Object . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

REQUEST NO. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Count Three: Multi-Object Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Unlawful Use of a Means of Identification Object . . . . . . . . . . . . . . . . . . . . . . . 42

REQUEST NO. 27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Count Three: Multi-Object Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Entry By False Pretenses Into the Secure Area of An Airport Object . . . . . . . . . 46

REQUEST NO. 28 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

Count Three: Multi-Object Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

Element Three: Overt Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

REQUEST NO. 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

Counts Four, Five, and Six: International Parental Kidnapping . . . . . . . . . . . . . 49

The Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

REQUEST NO. 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

Counts Four, Five, and Six: International Parental Kidnapping . . . . . . . . . . . . . 52

The Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

REQUEST NO. 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

Counts Four, Five, and Six: International Parental Kidnapping . . . . . . . . . . . . . 54

Consent of the Minor is Not a Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

REQUEST NO. 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

Counts Four, Five, and Six: Aiding and Abetting . . . . . . . . . . . . . . . . . . . . . . . 55

REQUEST NO. 33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

Counts Four and Five: *Pinkerton* Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

REQUEST NO. 34 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

Conscious Avoidance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

REQUEST NO. 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

iv

Motive . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

REQUEST NO. 36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

REQUEST NO. 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

Particular Investigative Techniques Not Required . . . . . . . . . . . . . . . . . . . . . . 66

REQUEST NO. 38 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

Stipulations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

REQUEST NO. 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

Charts and Summaries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

REQUEST NO. 40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

Liability for Acts and Declarations of Co-Conspirators . . . . . . . . . . . . . . . . . . . 69

REQUEST NO. 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

Use of Recordings, Transcripts, and Translations . . . . . . . . . . . . . . . . . . . . . . . 70

REQUEST NO. 42 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

Interpreters . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

REQUEST NO. 43 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

Preparation of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

REQUEST NO. 44 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

Multiple Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

REQUEST NO. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

Persons Not On Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

REQUEST NO. 46 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

Uncalled Witnesses—Equally Available . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

REQUEST NO. 47 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

Statements of a Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

REQUEST NO. 48 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

Evidence Obtained By Search . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

REQUEST NO. 49 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

Redaction Of Evidentiary Items . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

REQUEST NO. 50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

Expert Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

REQUEST NO. 51 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

Pro Se Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

REQUEST NO. 52 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84

Defendant's Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84

REQUEST NO. 53 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

Law Enforcement and Government Employee Witnesses . . . . . . . . . . . . . . . . . 86

REQUEST NO. 54 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

Accomplice Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

REQUEST NO. 55 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89

Other Acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 90 89

REQUEST NO. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91 90

Improper Considerations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91 90

REQUEST NO. 57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92 91

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92 91

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| - v. – | S3 19 Cr. 497 (NSR) |
| NACHMAN HELBRANS,<br>MAYER ROSNER,<br>                    Defendants. | |

**THE GOVERNMENT'S REQUESTS TO CHARGE**

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

**REQUEST NO.  1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury.

b.    Indictment Not Evidence.

c.    Statements of Court and Counsel Not Evidence.

d.    Burden of Proof and Presumption Of Innocence.

e.    Reasonable Doubt.

f.    Jury's Recollection Controls.

g.    Inferences.

h.    Government Treated Like Any Other Party.

i.    Definitions, Explanations and Example Of Direct and Circumstantial Evidence.

j.    Credibility of Witnesses.

k.    Right to See Exhibits and Have Testimony Read During Deliberations.

l.    Sympathy: Oath of Jurors.

m.    Punishment Is Not To Be Considered by the Jury.

n.    Verdict Of Guilt or Innocence Must Be Unanimous.

o.    Interest In Outcome.

2

## REQUEST NO. 2

## Summary of the Indictment

The defendants, NACHMAN HELBRANS and MAYER ROSNER are formally charged in an Indictment.   As I instructed you at the outset of this case, the Indictment is a charge or accusation.   It is not evidence.

The Indictment in this case contains six counts.   Each count is a separate offense or crime.   Each count must therefore be considered separately by you, and you must return a separate verdict on each count as to each defendant.

Count One of the Indictment charges that HELBRANS and ROSNER conspired – that is, agreed – with each other and others to transport a minor with intent that she engage in sexual activity for which any person can be charged with a crime.

Count Two charges that HELBRANS and ROSNER conspired with each other and others to travel with intent to engage in illicit sexual conduct.

Count Three charges that HELBRANS and ROSNER conspired with each other and others to commit international parental kidnapping, to unlawfully use a means of identification, and to enter by false pretenses the secure area of an airport.

Counts Four and Five charge that HELBRANS and ROSNER committed international parental kidnapping.

Count Six charges that HELBRANS attempted to commit international parental kidnapping.

3

**REQUEST NO. 3**

**Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity (18 U.S.C. §§ 2423(a)(e))**

I will start with Count One of the Indictment, which charges the defendants with a conspiracy to transport a minor with intent that she engage in sexual activity for which any person can be charged with a crime, and reads as follows:

[The Government respectfully requests that the Court read the relevant portion of the Indictment]

To find the defendant you are considering guilty of this Count, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, the Government must prove that the conspiracy charged in the Indictment existed.   That is, that there was an agreement or understanding among at least two people to transport a minor with intent that she engage in sexual activity for which any person can be charged with a crime.

<u>Second</u>, the Government must prove that the defendant you are considering willfully and knowingly became a member of the conspiracy, with the intent to further its illegal purpose – that is, with the intent that the object of the charged conspiracy be committed.

Adapted from the charge of the Honorable Nelson S. Roman in *United States* v. *Molina,* 19 Cr. 449 (S.D.N.Y. June 22, 2001); and from the charge of the

4

Honorable Leonard Sand in *United States v. Clemente, et al.,* S 79 Cr. 142 (LBS) (Apr. 28, 1980), *aff'd,* 640 F.2d 1069 (2d Cir. 1981).   Under Section 2423(e), it is not necessary for the Government to allege or prove an overt act.   *See Whitfield v. United States*, 543 U.S. 209, 213-14 (2005); *cf. United States* v. *Shabani,* 513 U.S. 10 (1994) (holding that where a particular statute, unlike 18 U.S.C. § 371, contains no explicit overt act requirement, Government need not prove overt act in furtherance of conspiracy).

5

# REQUEST NO. 4

## Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity

### First Element: Existence of a Conspiracy

Starting with the first element, a conspiracy is an agreement or understanding, explicit or implicit, of two or more people to accomplish by concerted or collective action a criminal or unlawful purpose.   In these instances, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One is the transportation of a minor with intent that she engage in sexual activity for which any person can be charged with a crime.   In other words, the Government alleges that there was an agreement or understanding and that its objective was to transport a minor with intent that she engage in sexual activity for which any person can be charged with a crime.

The gist, or the essence, of the crime of conspiracy is the unlawful understanding or agreement to violate the law.   The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an element of the crime of conspiracy.

The conspiracy alleged here therefore is the agreement to commit the crime.   That is an entirely separate and distinct offense from the underlying offense, which the law calls a "substantive crime."   The crime of conspiracy is complete once the unlawful agreement is made and the defendant enters into it.   Accordingly, you

may find a defendant guilty of the crime of conspiracy to transport a minor with intent that she engage in sexual activity for which any person can be charged with a crime even though the object of the conspiracy, that is, the transportation of the minor or the criminal sexual activity, might not actually have been committed.   The ultimate success of the conspiracy is not required.

To prove a conspiracy, the Government is not required to show that individuals sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator.   Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter a criminal conspiracy, a great deal is left to unexpressed understanding. From its very nature, a conspiracy is almost invariably secret in its origin and execution.   Conspirators do not usually reduce their agreements to writing or acknowledge them in front of a notary public; nor do they normally publicly broadcast their plans.   Thus, you may infer the existence of a conspiracy from the circumstances of the case and conduct of the parties involved.

To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish

7

an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy in fact existed. You need only find that two or more persons came to an understanding to commit the crime alleged in Count One of the Indictment.

In determining whether there has been an unlawful agreement, you may consider the acts and conduct of the alleged co-conspirators which were done to carry out the apparent criminal purpose.  The adage "actions speak louder than words" is applicable here.

In deciding whether the alleged conspiracy in fact existed, you may consider all the evidence of the acts, conduct, and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

As for the time frame of the alleged conspiracy, although it is charged that the conspiracy in Count One occurred between on or about December 5, 2018 and at least on or about December 27, 2018, it is not essential that the Government prove that the conspiracy started and ended on those specific dates. Rather, it is sufficient to satisfy the first element, that you find that in fact a conspiracy was formed, and that it existed for any time within the charged period.

> Adapted from the charge of the Honorable Nelson S. Roman in *United States* v. *Molina,* 19 Cr. 449 (S.D.N.Y. June 22, 2001) and the Honorable Sidney S. Stein in *United States* v. *McIntosh*, 11 Cr. 500 (S.D.N.Y. 2013).

**REQUEST NO. 5**

**Count One: Conspiracy to Transport A Minor with Intent to Engage in
Criminal Sexual Activity**

**Second Element: Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable
doubt that the charged conspiracy existed, you must then consider the second
essential element, which is that the particular defendant you are considering was a
member of the conspiracy.  To prove this second element, the Government must
prove beyond a reasonable doubt that the defendant you are considering participated
in the charged conspiracy and that he did so knowingly and willfully.

"Knowingly" means to act consciously and voluntarily rather than by
mistake, or accident or mere inadvertence.

"Willfully" means to act knowingly and purposely, with an intent to do
something the law forbids, that is to say, with bad purpose either to disobey or
disregard the law.  However, to show that the defendant acted willfully, the
Government does not need to prove that the defendant knew he was breaking any
particular law; rather, it is sufficient in this context for the Government to prove
that the defendant was aware of the generally illegal nature of his acts.

If you find beyond a reasonable doubt that the defendant you are
considering participated in the charged conspiracy and did so knowingly and
willfully, then the second element is satisfied.

9

In this regard, it is not necessary that the defendant you are considering be fully informed of all the details of the conspiracy in order to justify an inference of membership on his part.   Nor does the defendant you are considering need to know the full extent of the conspiracy or all of its participants.   Indeed, it is not necessary that the defendant know more than one other member of the conspiracy.

All that is necessary is proof beyond a reasonable doubt that the defendant intentionally joined in the conspiracy for the purpose of furthering its unlawful objective.

The defendant you are considering also need not have joined the conspiracy at the outset.   A defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined, as well as all that was done during the conspiracy's existence while the defendant was a member.

The law does not require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw a defendant within the ambit of a conspiracy if it meets the essential requirements I have described.

It is not a defense to a conspiracy charge that the object of the conspiracy could not be achieved because of circumstances that the conspirators did not know about.   Thus, you may find a defendant guilty of conspiracy even though it was impossible for him to carry out the plan successfully.

The law does not require that each conspirator agree to personally commit the substantive crime himself.   Instead, each conspirator must agree that the substantive crime *be committed* by some member of the conspiracy.

However, I want to caution you that the mere association by a defendant with a conspirator does not make that defendant a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.   In other words, knowledge without participation is not sufficient.   What is necessary is that the defendant has participated in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective.

In short, in order to satisfy the second essential element of the charged offense, you must find beyond a reasonable doubt that the defendant you are considering, with an understanding of the unlawful character of the conspiracy charged in Count One, intentionally joined the conspiracy for the purpose of furthering the unlawful object of transporting a minor with intent that she engage in sexual activity for which any person can be charged with a crime.

> Adapted from the charge of the Honorable Nelson S. Roman in *United States* v. *Molina,* 19 Cr. 449 (S.D.N.Y. June 22, 2001); the Honorable. Lorna G. Schofield in *United States* v. *Lowe*, 14 Cr. 055 (LGS); the Honorable Loretta A. Preska in *United States* v. *Wexler*, 03 Cr. 1150 (LAP); *United States* v. *Wexler*, 522 F.3d 194 (2d Cir. 2008); the Honorable Jed S. Rakoff in *United States* v. *Rafael Garavito-Garcia*, 12 Cr. 839 (JSR); Sand, *Modern Federal Jury Instructions*, Instr. 56-02.

11

## REQUEST NO. 6

## Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity

## The Object of the Conspiracy

I will now instruct you on the law concerning transporting a minor with intent that she engage in sexual activity for which any person can be charged with a crime, which is the object of the unlawful conspiracy charged in Count One.

The relevant language of Title 18 United States Code Section 2423(a) provides:

> Transportation with intent to engage in criminal sexual activity. – A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense, [is guilty of a crime].

Title 18 United States Code Section 2423(a) contains the following elements:

First, that a person knowingly transported a minor in interstate or foreign commerce;

Second, that the person transported the minor with the intent that she would engage in sexual activity for which any person can be charged with a crime; and

Third, that the minor was less than eighteen years old at the time of the acts alleged.

12

13

## REQUEST NO. 7

## Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity

### First Element of the Object of the Conspiracy: Transport in Interstate or Foreign Commerce

As I previously noted, the Government need not prove the elements of the substantive crime of transporting a minor with intent that she engage in sexual activity for which any person can be charged with a crime.   Rather, for Count One the Government must only prove beyond a reasonable doubt that the defendant you are considering conspired – that is, agreed with others – that a member of the conspiracy would violate this substantive statute.   Here, the Government alleges that the defendants conspired that Nachman Helbrans would transport Jane Doe with intent that she engage in sexual activity for which Jacob Rosner can be charged with a crime.   Notably, the law does not require that each conspirator agree to personally commit the substantive crime himself.   I will now explain each of the elements of the substantive crime in greater detail.

The first element of the substantive crime of transporting a minor with intent that she engage in sexual activity for which any person can be charged with a crime is that a person knowingly transported the minor in interstate or foreign commerce.

"Interstate or foreign commerce" means simply movement between one state

14

and another or between the United States and a foreign country.

"Transport" means to transfer or convey from one place to another. A person is transported in interstate commerce whenever she is moved or carried from one state or country into another.   The Government does not have to prove that a person personally transported Jane Doe across a state line or country border.   For example, it is sufficient to satisfy this element that the person was actively engaged in the making of the travel arrangements.   Furthermore, because a violation of the statute occurs when a person (or his agent)—here, the Government alleges that it was Nachman Helbrans—transports a minor across state or country lines with the requisite intent, the Government need not prove that any underlying criminal sexual act ever occur.   In other words, it is not necessary for the Government to prove that anyone, in fact, engaged in any illegal sexual activity.

> See Sand, *Modern Federal Jury Instructions*, Ins. 64-17; O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 60.04 (5th ed. 2000); Adapted from the charge of the Honorable Brian M. Cogan in *United States* v. *Weingarten,* 08 Cr. 571 (E.D.N.Y. March 10, 2009); *United States v. Vargas-Cordon*, 733 F.3d 366, 375 (2d Cir. 2013) (noting that § 2423(a) does not require that the unlawful sexual activity actually take place); *United States v. Broxmeyer*, 616 F.3d 120, 129 n.8 (2d Cir. 2010) (noting that because a violation of § 2423(a) occurs when the defendant (or his agent) crosses state or country lines with the requisite intent, "a conviction is entirely sustainable even if no underlying criminal sexual act ever occurs").

15

**REQUEST NO. 8**

**Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity**

**First Element of the Object of the Conspiracy: Consent of the Minor is Not a Defense**

Whether or not the minor consented to being transported or to traveling in interstate commerce for the purpose of engaging in criminal sexual activity or otherwise voluntarily participated is irrelevant.   Likewise, the minor's consent to the sexual activity is irrelevant.   The consent or voluntary participation of the victim is not a defense.   Put simply, the minor's consent is irrelevant.

> *United States v. Griffith*, 2000 WL 1253265, *18 (S.D.N.Y. Sept. 5, 2000) ("The Mann Act . . . has never, since its inception, provided for a defense of consent.")

16

## REQUEST NO. 9

## Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity

## First Element of the Object of the Conspiracy: Knowledge

As I noted above, the first element of the substantive crime of transporting a minor with intent that she engage in sexual activity for which any person can be charged with a crime requires that a person must have knowingly transported the minor in interstate commerce.   This means that the Government must prove that a person knew both that he was transporting the minor as I just defined that term, and that he was transporting the individual in interstate commerce.   I previously instructed you regarding what it means to act knowingly and you should follow my previous instructions on that term.

> *See* Sand, *Modern Federal Jury Instructions*, Ins. 64-17; O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 60.04 (5th ed. 2000); adapted from the charge of the Honorable I. Leo Glasser, *United States v. Vargas-Cordon*, 10 Cr. 13 (ILG).

17

**REQUEST NO. 10**

**Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity**

**Second Element of the Object of the Conspiracy: Intent**

With respect to the second element of the substantive offense, that a person intended that the minor engage in any sexual activity for which any person can be charged with a criminal offense, it is not enough for the Government to prove that the minor was transported in interstate or foreign commerce. The Government must also prove that a person embarked on this interstate or foreign transportation with the intent that the minor would engage in sexual activity for which any person could be charged with a crime.

Intent or purpose of a person at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   Such direct proof is not required.

The purpose which the Government must prove is the intent that the minor engage in sexual activity for which any person can be charged with a criminal offense. However, it is not necessary for the Government to prove that the criminal sexual activity was the sole purpose, or even the primary purpose, for any transportation from one state or country to another.   A person may have several different purposes or motives for such travel transportation and each may prompt,

18

in varying degrees, the act of making the journey. The Government need not prove that the sexual activity was the most important purpose for the transportation. Even if a defendant had other purposes in transporting the minor, that does not preclude a finding of criminal intent.  The Government need only prove beyond a reasonable doubt that one of the significant or motivating purposes of the transportation a significant or dominant purpose – although there may be other dominant purposes – for travel from one state or country to another was to have the minor engage in sexual activity for which any person can be charged with a crime. In other words, the Government must prove that the criminal sexual conduct was more than merely incidental to the transportation.

Furthermore, in order to satisfy the second element of the substantive offense, the Government must prove beyond a reasonable doubt that a person formed the intent to have the minor engage in sexual activity for which any person can be charged with a crime before that person transported or moved the minor in interstate or foreign commerce.

> See Sand, *Modern Federal Jury Instructions*, Ins. 64-17; O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 60.04 (5th ed. 2000); adapted from the charge of the Honorable I. Leo Glasser, *United States v. Vargas-Cordon*, 10 Cr. 13 (ILG); *United States v. Miller*, 148 F.3d 207, 212-13 (2d Cir. 1998) (holding that there can be multiple "dominant" purposes, and "dominant" "simply means that these motivations predominate over other, less powerful motivations for conduct.").

19

**REQUEST NO. 11**

**Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity**

**Second Element of the Object of the Conspiracy: Criminal Sexual Activity**

As I have previously explained to you, the substantive statute that is the object of the conspiracy charged in Count One requires that a person intend that the minor will engage in sexual activity for which any person could be charged with a crime. Count One alleges intended sexual activity between Jane Doe and Jacob Rosner for which Jacob Rosner could be charged with a crime under the Criminal (or Penal) Law of New York State, Mexico, and federal criminal law.

I instruct you as a matter of law that the following offenses, set forth in Count One of the Indictment, were violations of New York State Penal law, Mexican law, and federal criminal law in 2018, at the time the acts are alleged to have been committed: N.Y. Penal Law § 130.30; Penal Code of the State of Mexico, Article 273; and Title 18, United States Code, Section 2423(c).

The Government does not have to prove that a person knew of these specific laws. The Government need only prove beyond a reasonable doubt that that person was generally aware of the unlawfulness of the intended sexual activity.

I will now provide you with instructions regarding each of these offenses. To find a person guilty of the substantive violation of transporting a minor with intent

20

that she engage in sexual activity for which any person can be charged with a crime, the conduct a person intended the victim to engage in must violate at least one of these offenses.   It is not necessary to find that this conduct violated more than one of these laws.

Before I do that, let me also instruct you as a matter of law that under Article 83 of the Guatemalan Civil Code, any marriage involving minors under the age of 18 is prohibited if it occurred after September 21, 2017.   Furthermore, there are no exceptions to the child marriage ban for religious marriages.

> Adapted from the charge of the Honorable I. Leo Glasser, *United States v. Vargas-Cordon*, 10 Cr. 13 (ILG)*See United States v. Peel*, 747 F. App'x 498, 500 (9th Cir. 2018) (holding that, under § 2423(a), the Government is not required "to prove that Defendant knew that it was a crime in California for him to have sex with a 16-year-old girl, because ignorance of the law does not excuse criminal conduct.").

REQUEST NO. 12

**Count One: Conspiracy to Transport A Minor with Intent to Engage in**

**Criminal Sexual Activity**

## Second Element of the Object of the Conspiracy: Criminal Sexual Activity, New York Law

It is a violation of New York State Penal Law § 130.30, Rape in the Second Degree, when a person, being eighteen years old or older, engages in sexual intercourse with another person less than fifteen years old.   It is no defense to this law that the offender was religiously married to the victim.

The elements of Rape in the Second Degree are: <u>First</u>, that a person was eighteen years old or older; <u>Second</u>, that the person engaged in sexual intercourse with an individual; and <u>Third</u>, that at the time the person engaged in sexual intercourse with the individual, the individual was less than fifteen years old.

> *See People v. Ezeonu*, 588 N.Y.S.2d 116, 117-18 (N.Y. Sup. Ct. 1992) (rejecting defendant's attempt to raise marriage defense where the purported marriage was not legally recognized in New York); *Pinkhasov v. Petocz*, 331 S.W.3d 285, 290–91 (Ky. Ct. App. 2011) (finding that a religious wedding ceremony does not create a civil marriage under law); *In re Bakkar*, No. 08-22105 (DHS), 2009 WL 3068192, at *4 (Bankr. D.N.J. Sept. 22, 2009) (religious wedding insufficient to prove legal marriage); *State v. Bateman*, No. 1 CA-CR 07-0043, 2008 WL 4516447, at *6 (Ariz. Ct. App. Oct. 2, 2008) (holding that defendant in polygamous marriage could not present a spousal defense because "the term 'spouse' for purposes of sexual conduct with a minor . . . is unambiguously defined as 'a person who is *legally married* and cohabiting," and because

22

polygamous marriages are not recognized by law (emphasis added)).

---

**REQUEST NO. 13**

**Count One: Conspiracy to Transport A Minor with Intent to Engage in**

**Criminal Sexual Activity**

**Second Element of the Object of the Conspiracy: Criminal Sexual Activity, Mexican Law**

It is a violation of Article 273 of the Criminal Code of the State of Mexico to have sexual intercourse with an individual under the age of 15.   It is therefore a crime to have sex with a 14-year-old.   It is no defense to this law that the offender was religiously married to the victim.

_____

24

**REQUEST NO. 14**

**Count One: Conspiracy to Transport A Minor with Intent to Engage in**

**Criminal Sexual Activity**

**Second Element of the Object of the Conspiracy: Criminal Sexual Activity, Title 18 United States Code Section 2423(c)**

I just instructed you on the New York law and the Mexican law relevant to Count One.   Now I will instruct you on a federal criminal statute: Title 18, United States Code, Section 2423(c). As I have told you, Count One alleges intended sexual activity between Jane Doe and Jacob Rosner for which Jacob Rosner could be charged with a crime under the Criminal (or Penal) Law of New York State, Mexico, and federal criminal law.

Section 2423(c) of Title 18 of the United States Code provides in relevant part:

> Any United States citizen . . . who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be [guilty of a crime].

In order to prove a person guilty of engaging in illicit sexual conduct in foreign places, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a person is a United States citizen;

Second, that that person traveled in foreign commerce or resided, either temporarily or permanently, in a foreign country; and

25

    <u>Third</u>, that while in the foreign country, that person engaged in illicit sexual conduct with another person.

    I will now explain each of the elements of the substantive statute in greater detail.

    The first element that the Government must prove beyond a reasonable doubt is that a person—here the Government alleges that this person is Jacob Rosner—is a United States citizen.

    The second element that the Government must prove beyond a reasonable doubt is that that person traveled in foreign commerce, or resided, either temporarily or permanently, in a foreign country.   "Travel in foreign commerce" means simply movement between the United States and another country.

    The third element that the Government must prove beyond a reasonable doubt is that while in a foreign country, that person engaged in illicit sexual conduct with another person.

    A person engages in "illicit sexual conduct" when he knowingly engages in a sexual act with a person who has reached the age of 12 years old, but has not reached the age of 16 years old, and who is at least 4 years younger than that defendant.

    The term "sexual act" means (1) penetration, however slight, of the vulva or anus by the penis; (2) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (3) penetration, however slight, of the anal or genital opening of another by a hand, a finger, or by any object, with an intent to

abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any

person; or (4) the intentional touching, not through the clothing, of the genitalia of

another person who has not attained the age of 16 years with an intent to abuse,

humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

It is no defense to this law that the offender was religiously married to the

victim.

---

See Sand, Modern Federal Jury Instructions-Criminal §
64.06, Instruction 64-24—64-28; 18 U.S.C. § 2243(a);
*United States v. Mancuso*, 185 F. Supp. 3d 502, 503 (M.D.
Pa. 2015) (differentiating between a "religious marriage,
performed pursuant to the religious tenants of the Islamic
faith" and a "legal marriage" in the context of an
international parental kidnapping case); *United States v.
Bey*, No. 10-CR-164, 2014 WL 7465663, at *1 (E.D. Pa.
Dec. 31, 2014) (defendant convicted of violating § 2423(c)
where underlying offense conduct included sex with 14-
year-old girl who he had married under Islamic law).

**REQUEST NO. 15**

**Count One: Conspiracy to Transport A Minor with Intent to Engage in**

**Criminal Sexual Activity**

Third Element of the Object of the Conspiracy: Age of Victim

With respect to the third element of the substantive crime, that the victim was under the age of eighteen when the transportation took place, I instruct you that the Government is required to prove that the person knew that the victim was under 18 years of age at the time of the travel.

> *See* Sand, Modern Federal Jury Instructions-Criminal §
> 64.04, Instruction 64-19.

---

28

**REQUEST NO. 16**

**Count One: Conspiracy to Transport A Minor with Intent to Engage in Criminal Sexual Activity**

**Verdict Form**

You will be provided with a verdict form that will include a space for you to indicate whether the Government has proven beyond a reasonable doubt that the conduct intended by the conspirators was a violation of any of the offenses that I previously described—namely, N.Y. Penal Law § 130.30, Penal Code of the State of Mexico, Article 273, or Title 18, United States Code, Section 2423(c). If you find the defendant you are considering guilty of Count One, you must indicate on the space provided on the verdict form which law or combination of laws the conspirators intended to violate. You should indicate each of the laws, if any, that you found applied. As with all the questions on the verdict form, you must unanimously agree on this fact.

29

# REQUEST NO. 17

## Count Two: Conspiracy to Travel with Intent to

## Engage in Illicit Sexual Conduct

Count Two of the Indictment charges the defendants with a conspiracy to travel with intent to engage in illicit sexual conduct, and reads as follows:

[The Government respectfully requests that the Court read the relevant portion of the Indictment]

To find the defendant you are considering guilty of this Count, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Government must prove that the conspiracy charged in the Indictment existed.   That is, that there was an agreement or understanding among at least two people that one of them would travel with intent to engage in illicit sexual conduct.

Second, the Government must prove that the defendant you are considering knowingly became a member of the conspiracy to travel with intent to engage in illicit sexual conduct.

**REQUEST NO. 18**

**Count Two: Conspiracy to Travel with Intent to**

**Engage in Illicit Sexual Conduct**

## The Elements

I have already instructed you on the law regarding the existence of a criminal conspiracy and the requirements for membership in a criminal conspiracy in Count One.   You must follow those instructions here as well.

The object of the conspiracy charged in Count Two is for one of the conspirators to travel with intent to engage in illicit sexual conduct.

31

## REQUEST NO. 19

### Count Two: Conspiracy to Travel with Intent to

### Engage in Illicit Sexual Conduct

## The Object of the Conspiracy

I will now instruct you on the law concerning the substantive violation of traveling with intent to engage in illicit sexual conduct, the object of the unlawful conspiracy charged in Count Two.

The relevant language of Title 18 United States Code Section 2423(b) provides:

> A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be [guilty of a crime].

Title 18 United States Code Section 2423(b) contains the following elements:

First, that a person traveled in interstate or foreign commerce; and

Second, that that person acted with the intent to engage in illicit sexual conduct.

> *See* Sand, Modern Federal Jury Instructions-Criminal § 64.05, Instruction 64-20; Adapted from the charge of the Honorable John Gleeson in *United States* v. *Weingarten,* 08 Cr. 571 (S.D.N.Y. March 10, 2009).

32

**REQUEST NO. 20**

**Count Two: Conspiracy to Travel with Intent to**

**Engage in Illicit Sexual Conduct**

## First Element of the Object of the Conspiracy: Interstate or Foreign Travel

The first element that the Government must prove beyond a reasonable doubt for this substantive crime is that a person traveled in interstate commerce or traveled into the United States or being a U.S. citizen traveled in foreign commerce.

"Travel in interstate commerce" means simply movement between one state and another.

> *See* Sand, Modern Federal Jury Instructions-Criminal § 64.05, Instruction 64-22.

33

# REQUEST NO. 21

## Count Two: Conspiracy to Travel with Intent to Engage in Illicit Sexual Conduct

## Second Element of the Object of the Conspiracy: Illicit Sexual Conduct

The second element that the Government must prove beyond a reasonable doubt is that the person traveled in interstate commerce with the intent to engage in illicit sexual conduct.

As I previously told you in connection with the elements of Title 18 Section 2423(c) in Count One, a person engages in "illicit sexual conduct" when he knowingly engages in a sexual act—which I defined previously in Count One—with an individual who has reached the age of 12 years old, but has not reached the age of 16 years old, and who is at least 4 years younger than that person.

As noted above, direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon a defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

34

In order to establish this element, it is not necessary for the Government to prove that engaging in illicit sexual conduct was the sole purpose, or even the primary purpose, for crossing the state line.   A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey. The Government need not prove that the illicit sexual conduct was the most important purpose for the travel.   Even if a defendant had other purposes in traveling, that does not preclude a finding of criminal intent. The Government need only The Government must prove beyond a reasonable doubt, however, that one of thea significant or motivating purposes of the travel across a state line was to engage in illicit sexual conduct. In other words, the Government must prove that illegal sexual activity must not have beenwas more than merely incidental to the trip.

**REQUEST NO. 22**

**Count Two: Conspiracy to Travel with Intent to**

**Engage in Illicit Sexual Conduct**

## Second Element of the Object of the Conspiracy: Illicit Sexual Conduct

The Government does not have to prove that the person actually engaged in illicit sexual conduct, but must only prove that the person traveled with the intent to engage in such conduct, as I previously defined.   In other words, it is not necessary for the Government to prove that anyone, in fact, engaged in any illegal sexual activity.

36

## REQUEST NO. 23

### Count Three: Multi-Object Conspiracy

Count Three of the Indictment charges the defendants with conspiring to (1) commit international parental kidnapping; (2) unlawfully use a means of identification; and (3) enter by false pretenses the secure area of an airport, in violation of Title 18, United States Code, Section 371.

That section provides in relevant part:

> "If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each . . ." is guilty of a crime.

37

**REQUEST NO. 24**

**Count Three: Multi-Object Conspiracy**

**Elements**

To sustain its burden of proof with respect to the allegation of conspiracy in Count Three, the Government must separately prove beyond a reasonable doubt the following three elements:

First, that the conspiracy charged existed – that is, the existence of an agreement or understanding to commit at least one of the object crimes charged in the Indictment;

Second, that the defendant you are considering willfully and knowingly became a member of the conspiracy; and

Third, that any one of the conspirators – not necessarily the defendant you are considering, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

I have previously instructed you on the concept of a criminal conspiracy, and you should follow those instructions here.   The first two elements of Count Three are the same as the first two elements of the conspiracy charged in Count One, and you should follow my previous instructions.   This conspiracy, however, also

38

includes the requirement of at least one overt act, which I will describe further in a moment.

Here, the objects of the conspiracy are (1) international parental kidnapping, (2) unlawful use of a means of identification, and (3) entry by false pretenses into the secure area of an airport.

You should keep in mind that you need not find that the conspirators agreed to accomplish each one of these three objects.   An agreement to accomplish any one of these three objects is sufficient.   Although the finding of one unlawful objective is sufficient to satisfy the illegal purpose element, I instruct you that you, the jury, must unanimously agree on which object, if any, was the specific object or objects of the alleged conspiracy.   If the Government fails to prove beyond a reasonable doubt that at least one of the unlawful objectives alleged in Count Three was in fact an objective of the conspiracy, or if you cannot unanimously agree as to which of the unlawful objects alleged in the Indictment have been proven beyond a reasonable doubt, then you must find the defendant you are considering not guilty as to the conspiracy charge.

Adapted from Judge Jones's charge in *United States v. Weissman*, 01 Cr. 529 (BSJ)._____

39

I will now provide further instructions with respect to each of the three objects of the conspiracy charged in Count Three.

_____

**REQUEST NO. 25**

**Count Three: Multi-Object Conspiracy**

**International Parental Kidnapping Object**

The first object of the conspiracy charged in Count Three is substantive international parental kidnapping.

Wholly apart from its inclusion as part of the conspiracy charged in Count Three, the objective of the international parental kidnapping is charged as separate substantive offenses in Counts Four and Five.   I instruct you that this is permissible.   As noted previously, a crime may be punished for its own sake and it may also be an object of a conspiracy — which requires proof of additional elements and which Congress has elected to make a separate and distinct crime.   Because the first object of the conspiracy – international parental kidnapping – is charged as separate substantive offenses in Counts Four and Five, I will instruct you in a moment with regard to those counts on the law that applies to international parental kidnapping and ask you to apply the same law to the object of the conspiracy as charged in Count Three of the Indictment.

───────────────

41

**REQUEST NO. 26**

**Count Three: Multi-Object Conspiracy**

**Unlawful Use of a Means of Identification Object**

The second object of the conspiracy charged in Count Three of the Indictment is unlawful possession or use a means of identification.

Section 1028(a)(7) of Title 18 of the United States Code provides in relevant part as follows:

> [Whoever] knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law [shall be guilty of a crime].

In order to prove a person guilty of possessing or using false identification with the intent to commit another crime under federal or state law, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the offense involved a means of identification of another person, as I will define that term for you;

<u>Second</u>, that a person possessed or used that means of identification;

<u>Third</u>, that the person acted knowingly and without lawful authority;

<u>Fourth</u>, that the person acted with the intent to commit, or to aid and abet or in connection with, an unlawful activity that violates federal law; and

<u>Fifth</u>, that the person's conduct was in or affecting interstate commerce.

42

I will now explain each of the elements of the substantive statute in greater detail.

The first element that the Government must prove beyond a reasonable doubt is that the offense involved a means of identification of another person.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including, among other things, any name or date of birth.   A name means the name of a person.   In addition, the government must prove both that the means of identification was that of an actual person, living or dead, and that the person knew that the means of identification was that of an actual person. You must be unanimous on at least one of the means of identification that was possessed or used.

The second element that the Government must prove beyond a reasonable doubt is that a person used or possessed that means of identification.

To use a means of identification is to present, display, certify, or otherwise employ the means of identification in any manner so that it would be accepted as identification.

To possess something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is, have actual possession of it.   As long as the means of identification was within the   person's control, he possessed it.   If you find that the person either had actual possession of

43

the means of identification, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the Government has proven possession. The law also recognizes that possession may be sole or joint. If one person alone possesses something, that is sole possession.   However, it is possible that more than one person may have the power and intention to exercise control over a means of identification.   That is called joint possession. If you find that the person had such power and intention, then he possessed the means of identification even if he possessed it jointly with another person.

The third element that the Government must prove beyond a reasonable doubt is that the person acted knowingly and without lawful authority.

A person acts without lawful authority either when he uses a means of identification without the consent or knowledge of the person or when he uses the identification in furtherance of a crime even with the person's consent.

The Government must also prove that the person used or possessed the means of identification knowingly.   As I instructed you previously, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

The fourth element that the Government must prove beyond a reasonable doubt is that the person used or possessed a means of identification of another person with the intent to commit or to aid and abet or in connection with an

44

unlawful activity that violates federal law.

In this case, the Government has alleged that the defendants acted with the intent to commit international parental kidnapping.   To establish this element, the Government must prove that the person used the means of identification with the intent to commit international parental kidnapping. As I noted previously, direct proof of a person's intent is almost never available and such direct proof is not required.

The fifth element that the Government must prove beyond a reasonable doubt is that the person's use or possession of a means of identification of another person was in or affecting interstate commerce.

Interstate commerce simply means the movement of goods, services, money and individuals between any two or more states or between one state and the District of Columbia or between a state and a U.S. Territory or possession or between the United States and a foreign country.

To satisfy this element, the Government must prove that the person's conduct affected interstate commerce in any way, no matter how minimal. Finally, the Government is not required to prove that the person knew he was affecting interstate commerce.

> *See* Sand, Modern Federal Jury Instructions-Criminal §
> 39A-08, Instructions 39A-35 – 39A-41; adapted from the
> charge of the Honorable Loretta A. Preska, *United States
> v. Cosme*, 13 Cr. 43 (LAP)._____

**REQUEST NO. 27**

**Count Three: Multi-Object Conspiracy**

**Entry By False Pretenses Into the Secure Area of An Airport Object**

The third object of the conspiracy charged in Count Three of the Indictment is entry by false pretenses into the secure area of an airport.

Section 1036 of Title 18 of the United States Code provides in relevant part as follows:

> Whoever, by any fraud or false pretense, enters or attempts to enter . . . any secure area of any airport [shall be guilty of a crime].

In order to prove a person guilty of entry by false pretenses into the secure area of an airport, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a person obtained or attempted to obtain;

Second, by fraud or false pretenses;

Third, entry into the secure area of an airport.

A "secure area" of an airport means an area access to which is restricted by the airport authority or a public agency.

> *See Parris v. Whitaker*, 758 F. App'x 135 (2d Cir. 2018) (summary order) (analyzing the language and purpose of the statute).

46

**REQUEST NO. 28**

**Count Three: Multi-Object Conspiracy**

## Element Three: Overt Act

The third element of Count Three that the Government must prove beyond a reasonable doubt is the commission of an overt act.   In particular, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy charged in Count Three by at least one of the co-conspirators – not necessarily the defendant you are considering and not necessarily a conspirator named as a defendant.

The purpose of the overt act requirement is clear.   There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

Let me put it colloquially.   The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.   The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further the conspiracy.

For the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment or even <u>any</u> of the overt acts contained in the Indictment.   Indeed, you may find that overt acts were committed that were <u>not</u> alleged at all in the Indictment.   In short, it is sufficient for the Government to show that the defendant you are considering <u>or</u> one

47

of his alleged co-conspirators knowingly committed an overt act – whether specifically charged in the Indictment or not – in furtherance of the conspiracy.   You must be unanimous on at least one such overt act.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.   It is sufficient if you are convinced beyond a reasonable doubt that an overt act occurred while the conspiracy was in existence.

In considering this element, you should bear in mind that an overt act, standing alone, may be an innocent, lawful act.   Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.   You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an object of the conspiracy.

> Adapted from the charges of the Honorable Loretta A. Preska in *United States v. Collins*, 07 Cr. 1170 (LAP), and the Honorable Paul A. Crotty in *United States v. Tomasetta*, 10 Cr. 1205 (PAC); and Sand, et al., Modern Federal Jury Instructions, Instr. 19-7.

## REQUEST NO. 29

## Counts Four, Five, and Six: International Parental Kidnapping

## The Elements

I will now instruct you on Counts Four, Five, and Six of the Indictment, which charge international parental kidnapping, in violation of Title 18 United States Code Section 1204.

The relevant language of Title 18 United States Code Section 1204 provides:

> Whoever removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be [guilty of a crime].

Count Four charges that from on or about on or about December 8, 2018 up to and including at least on or about December 27, 2018, HELBRANS and ROSNER committed international parental kidnapping with respect to Jane Doe or aided and abetted the same.

Count Four reads as follows:

[The Government respectfully requests that the Court read the relevant portion of the Indictment]

Count Five charges that from on or about on or about December 8, 2018 up to and including at least on or about December 27, 2018, HELBRANS and ROSNER committed international parental kidnapping with respect to John Doe or aided and

49

abetted the same.

Count Five reads as follows:

[The Government respectfully requests that the Court read the relevant portion of the Indictment]

Count Six charges that from on or about March 15, 2019 up to and including at least on or about March 25, 2019, HELBRANS attempted to commit international parental kidnapping with respect to Jane Doe or aided and abetted the same.

Count Six reads as follows:

[The Government respectfully requests that the Court read the relevant portion of the Indictment]

To find the defendant you are considering guilty of Counts Four, Five, and Six, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the minor in the count you are considering was previously in the United States;

Second, that the defendant you are considering took the minor in that count from the United States to another country or kept that minor from returning to the United States from another country or aided and abetted the same; and

Third, that the defendant you are considering acted with the intent to obstruct the lawful exercise of parental rights of Sara Helbrans, the mother of the minor.

*See* Sand, Modern Federal Jury Instructions-Criminal §
42-03, Instruction 42-17; *United States v. Amer*, 110 F.3d
873, 878 (2d Cir. 1997); adapted from the charge of the
Honorable I. Leo Glasser, *United States v. Sardana*, 02-
CR-1311 (ILG).

## REQUEST NO. 30

## Counts Four, Five, and Six: International Parental Kidnapping

## The Elements

I will now instruct you on the law concerning international parental kidnapping, which is charged in Counts Four, Five, and Six.

As noted above, the first element that the Government must prove beyond a reasonable doubt is that the child—Jane Doe for Counts Four and Six and John Doe for Count Five—were previously in the United States.

The second element that the Government must prove beyond a reasonable doubt is that the defendant you are considering took the child from the United States to another country or kept the child from returning to the United States from another country or aided and abetted the same.   The movement of the child from the United States or the retaining of the child outside the United States had to occur before the child reached the age of 16 years old.

The third element that the Government must prove beyond a reasonable doubt is that the defendant you are considering acted with the intent to obstruct the lawful exercise of parental rights of Sara Helbrans.

The term "parental rights" means the right to physical custody of the child. This includes the right to sole custody of the child and visitation rights to the child. It does not matter whether these parental rights arose by court order or by the operation of law.   To find that the defendant you are considering acted with the

52

intent to obstruct the lawful exercise of parental rights, you must find that this defendant acted deliberately with the purpose of interfering with the parental rights of Sara Helbrans.   You may consider all of the evidence of the defendant's acts in determining whether the Government has proven beyond a reasonable doubt that the defendant acted with this intent.

I instruct you as a matter of law that Sara Helbrans, as the biological mother of both Jane Doe and John Doe, at all relevant times had the right to physical custody of her children unless and until that right was terminated, and it never was.

I further instruct you that the custody order that Sara Helbrans obtained from the family court in Brooklyn, New York, is a valid, legitimate, custody order. I instruct you that the custody order provided Sara Helbrans with sole custody of all six of her children, including Jane Doe and John Doe.   You may not question the legitimacy of the custody order.

> *See* Sand, Modern Federal Jury Instructions-Criminal § 42-03, Instructions 42-18 – 42-20. *United States v. Sardana*, 101 F. App'x 851, 853 (2d Cir. 2004) ("Under New York law, the application of which is undisputed in this case, there is no confusion that the biological mother enjoys the right to physical custody of her children unless and until this right is terminated by law." (cleaned up))

## REQUEST NO. 31

### Counts Four, Five, and Six: International Parental Kidnapping

### Consent of the Minor is Not a Defense

Whether or not the minor consented to being removed from the United States or retained outside the United States or otherwise voluntarily participated is irrelevant.   The consent or voluntary participation of the victim is not a defense. Put simply, the minor's consent is irrelevant.

---

## REQUEST NO. 32

### Counts Four, Five, and Six: Aiding and Abetting

With respect to Counts Four, Five and Six, the Indictment also charges the defendants with what is called "aiding and abetting."   Aiding and abetting liability is its own theory of criminal liability.   In effect, it is a theory of liability that permits a defendant to be convicted of a specified crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is *not* necessary for the Government to show that the defendant you are considering himself physically committed the crime with which he is charged in order for you to find the defendant guilty.   Thus, if you do not find beyond a reasonable doubt that a defendant himself committed the crime charged, you may, under certain circumstances, still find him guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.   Accordingly, you may find a particular defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person physically committed the crime,

55

and that the defendant you are considering aided and abetted that other person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.   Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.   But if you do find that a crime was committed, then you must consider whether a defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly participate in the crime by doing some act to help make the crime succeed.   An act is done "knowingly" and "willfully" if it is done deliberately and purposely — that is, the defendant's actions must have been his conscious objective rather than a product of a mistake or accident, mere negligence, or some other innocent reason.

To establish that a defendant participated in the commission of the crime, the Government must prove that a defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by a defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.   One who has no knowledge that a crime is being committed or

56

is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.   An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did he participate in the crime charged as something he wished to bring about?

- Did he associate himself with the criminal venture knowingly and willfully?

- Did he seek by his actions to make the criminal venture succeed?

If he did, then that defendant is an aider and abettor, and therefore guilty of the offense.   If he did not, then that defendant is not an aider and abettor, and is not guilty of aiding and abetting that offense.

> Adapted from Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 11-2 (2017); Adapted from the charge of the Honorable Nelson S. Roman in *United States* v. *Molina,* 19 Cr. 449 (S.D.N.Y. June 22, 2001).

## REQUEST NO. 33

### Counts Four and Five: *Pinkerton* Liability

The defendant you are considering is guilty of international parental kidnapping even if he himself did not commit that act if *Pinkerton* (also known as co-conspirator) liability applies.

*Pinkerton* liability is the theory under which a defendant who is a member of a conspiracy may be held liable for a crime committed by a co-conspirator. *Pinkerton* liability should be considered by you in connection with Counts Four and Five only if you do not find the defendant you are considering personally committed *or* aided and abetted the commission of that offense.

If you find that a defendant was a part of the conspiracy to commit international parental kidnapping charged in Count Three—that is, if you find that the Government has proven beyond a reasonable doubt the elements as to Count Three with respect to the international parental kidnapping object—then you may but are not required to find that defendant liable for a substantive offense—meaning the offenses charged in Counts Four and Five, respectively—committed by a co-conspirator, provided that the Government has proven the following elements beyond a reasonable doubt:

First, that a crime charged in the substantive count you are considering was committed;

Second, that the person or persons you find actually committed the

58

crime were members of the international parental kidnapping conspiracy charged in Count Three;

      <u>Third</u>, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

      <u>Fourth</u>, that the defendant was a member of the conspiracy at the time the substantive crime you are considering was committed (that is, had entered into the conspiracy); and

      <u>Fifth</u>, that the defendant could reasonably have foreseen that the substantive crime you are considering might be committed by his co-conspirators.

      If you find that the Government has proven all five of these elements beyond a reasonable doubt, then you may find that defendant guilty of a substantive offense charged against him, even if he did not personally participate in the acts constituting the crime, and even if he did not have actual knowledge of it.

      Adapted from the charge of Hon. Cathy Seibel in *United States v. Mathew Madonna, et al.*, S18 17 Cr. 89 (S.D.N.Y. 2019).

_____

## REQUEST NO. 34

## Conscious Avoidance

I told you earlier that the defendants, in various respects, must have acted knowingly in order to be convicted of several charges in the Indictment.    In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious. That is what the phrase "conscious avoidance" refers to.

As I told you before, acts done knowingly must be a product of a person's conscious intention.    They cannot be the result of carelessness, negligence, or foolishness.    But a person may not willfully and intentionally remain ignorant of a fact that is material and important to his or her conduct in order to escape the consequences of criminal law.    We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance.

An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what the defendant knew.    Thus, if you find beyond a reasonable doubt that the defendant you are considering was aware that there was a high probability that a fact was so, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance

60

of positive knowledge as the equivalent of knowledge.

With respect to the conspiracy counts, you must also keep in mind that there is an important difference between intentionally participating in the conspiracy, on the one hand, and knowing the specific object or objects of the conspiracy, on the other.   You may consider conscious avoidance in deciding whether the defendant knew the objective or objectives of a conspiracy; that is, whether the defendant reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crimes charged as objects of that conspiracy and deliberately avoided confirming that fact but participated in the conspiracy anyway.   But conscious avoidance cannot be used as a substitute for finding that the defendant intentionally joined the conspiracy in the first place.   It is logically impossible for the defendant to intend and agree to join a conspiracy if he does not actually know it exists, and that is the distinction I am drawing.

In sum, if you find that the defendant you are considering believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact.   However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.   You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

61

Adapted from the charge in *United States v. Datta*, S1 11 Cr. 102 (LAK).   *See also United States v. Kozeny*, 667 F.3d 122, 132 (2d Cir. 2011) (the "jury may be instructed on conscious avoidance only where '(1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'") (quoting *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000)).

# REQUEST NO. 35

## Motive

Proof of motive is not a necessary element of the crimes with which the defendants are charged.   Proof of motive does not establish guilt, nor does the lack of proof of motive establish that a defendant is not guilty.   If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's motive for the crime may be, or whether his or her motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of a defendant.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-18.

63

# REQUEST NO. 36

## Venue

In addition to all the elements of each of the charges that that I have just described for you, you must decide, separately with respect to each of these Counts whether any act in furtherance of the crime occurred within the Southern District of New York.  The Southern District of New York includes, among other places, Sullivan County and Westchester County.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York.   In other words, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an act in furtherance of the crime charged occurred within this District.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendants of that charge.

> Adapted from the charges of the Hon. Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and from Sand, *Modern Federal Jury Instructions*, Instr. 3-11; *United States* v. *Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is

64

governed by a preponderance standard).

**REQUEST NO. 37**

**Particular Investigative Techniques Not Required**

**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.   There is no legal requirement, however, that the Government prove its case through any particular means.   While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.   The Government is not on trial.   Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendant you are considering has been proved beyond a reasonable doubt.

> Adapted from the charge of the Hon. Pierre N. Leval in
> *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y.
> 1992), and from the charge of the Hon. John F. Keenan in
> *United States* v. *Medina*, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

# REQUEST NO. 38

## Stipulations

## [If Applicable]

You have heard evidence in the form of stipulations of testimony.   A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.   You must accept as true the fact that the witness would have given that testimony.   It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.   A stipulation of fact is an agreement among the parties that a certain fact is true.   You must regard such agreed facts as true.   It is for you, however, to determine the effect to be given to any stipulated fact.

Adapted from the charge of the Hon. Stephen C. Robinson, Jury Charge, *United States* v. *Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

67

## REQUEST NO. 39

## Charts and Summaries

## [If Applicable]

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence. They are admitted into evidence as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the charts conform to what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-13, and the charge of the Hon. Katherine B. Forrest, *United States* v. *Benito Del Rosario*, 12 Cr. 81 (S.D.N.Y. 2012).

68

## REQUEST NO. 40

### Liability for Acts and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts or statements of all of the members of the conspiracy, and all of the members of the conspiracy are responsible for such acts or statements.   This rule applies even though such acts or statements were not made or committed in that defendant's presence or were made or committed without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from the Hon. Gregory H. Woods, Jury Charge, *United States v. Russell*, 16 Cr. 396 (GHW) (S.D.N.Y. 2018); *see also United States v. Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (juries need not be invited to reconsider the admissibility of co-conspirator hearsay).

69

# REQUEST NO. 41

## Use of Recordings, Transcripts, and Translations

You heard some recordings in Yiddish.   For that reason, it was necessary for the parties to obtain translations of those portions of the conversations and communications into English.   The translations of the conversations and communications embody [the testimony of interpreters called by the parties to testify / whose testimony was set forth in a stipulation / have been stipulated to by the parties].   As such, those portions of the transcripts reflecting the foreign language-to-English translation have been admitted into evidence.

[In some instances, there are two translations of a foreign language audio recording because there is a difference of opinion as to what is said or written.   To the extent that you accept or reject the testimony of any interpreter, however, you may accept or reject the transcript or translation itself.   Let me say again that you the jury are the sole judges of the facts.]

Furthermore, whether you approve or disapprove of the recording of those conversations may not enter your deliberations.   I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, that the Government's use of this evidence is entirely lawful, and that it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining

70

whether the Government has proved beyond a reasonable doubt the guilt of the defendant.   Of course, it is for you to decide what weight, if any, to give to this evidence.

If you wish to hear any of the recordings again, or see any of the transcripts of the foreign-language recordings, they will be made available to you during your deliberations.

Either way, you should not substitute your own understanding of any of the foreign languages for that of any translation that was admitted in evidence; you must accept the translations without regard to your own understanding of those foreign languages.

> Adapted from Modern Federal Jury Instructions ¶ 5-9 (2019), and the charges of the Honorable. Richard M. Berman in *United States* v. *Atilla*, S4 15 Cr. 867 (RMB) (S.D.N.Y. 2017); the Honorable Richard J. Sullivan, *United States v. Khalif Phillips*, 13 Cr. 723 (RJS) (S.D.N.Y. 2014); and the Honorable Paul A. Engelmayer, *United States v. Martinez*, 13 Cr. 699 (PAE) (S.D.N.Y. 2014).

**REQUEST NO. 42**

**Interpreters**

**[If Applicable]**

As you have seen throughout the trial, on some occasions interpreters were used to aid the defendant(s) and testifying witnesses.   These interpreters were provided by the court and translated the witness's testimony into English for the benefit of the jury or from English into Yiddish for the benefit of the defendants. You are to draw no inferences from the fact that interpreters were used in this matter.

With respect to the testimony of witnesses who testified in a language other than English, I instruct you that you must rely on and accept the interpreter's English language interpretation of that testimony, even if you understand the foreign language in which the witness testified. You should consider the translated testimony as you would any other evidence in the case and give it the weight you deem appropriate.

> Adapted from the charge of the Hon. Richard M. Berman in *United States* v. *Atilla*, S4 15 Cr. 867 (RMB) (S.D.N.Y. 2017).

72

## REQUEST NO. 43

## Preparation of Witnesses

## [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time.   In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of the Hon. Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

73

## REQUEST NO. 44

## Multiple Defendants

The indictment names NACHMAN HELBRANS and MAYER ROSNER as defendants who are on trial together.   In reaching a verdict, however, you must bear in mind that guilt is individual.   Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

In addition, some of the evidence in this case was limited to one defendant.   Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 7-16.

74

# REQUEST NO. 45

## Persons Not On Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any other person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.

> Adapted from the charge of the Hon. Cathy Seibel in *United States* v. *Blanco*, 16 Cr. 408 (S.D.N.Y. 2018) and from Sand, *et al., Modern Jury Instructions*, Instr. 3-4. Adapted from the charge of the Hon. Peter Leisure in *United States* v. *Parra and Ortega*, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004).

## REQUEST NO. 46

## Uncalled Witnesses—Equally Available

## [If Applicable]

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States* v. *Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States* v. *Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

**REQUEST NO. 47**

**Statements of a Defendant**

**[If Applicable]**

There has been evidence that a defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case and may be properly considered by you.   You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.   I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-19 and, with respect to the third paragraph, charge of the Hon. Michael B. Mukasey, *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

77

## REQUEST NO. 48

## Evidence Obtained By Search

You have heard testimony about evidence seized in connection with searches conducted by law enforcement officers.   Evidence obtained from any searches was properly admitted in this case, and may be properly considered by you. Such searches were entirely appropriate law enforcement actions.   Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the charge of the Hon. Pierre N. Leval, *United States* v. *Ogando*, 90 Cr. 469 (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992).

78

**REQUEST NO. 49**

**Redaction Of Evidentiary Items**

**[If applicable]**

We have, among the exhibits received in evidence, some documents that are redacted.  "Redacted" means that part of the document or tape was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

79

## REQUEST NO. 50

## Expert Testimony

You have heard testimony from what we call expert witnesses.   An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.   Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.   Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.   You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.   If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.

80

Adapted from the charge of the Hon. Colleen McMahon, *United States* v. *Omar Gonzalez*, 10 Cr. 588 (S.D.N.Y. 2010).

## REQUEST NO. 51

## Pro Se Defendants

The defendants have decided to represent themselves in this trial and not to be represented by a lawyer.   The defendants have a constitutional right to do that.   Their decision has no bearing on whether they are guilty or not guilty, and it must not affect your consideration of the case.   I will remind you that when the defendants asked questions, made objections, or made opening and closing statements, they were acting as a lawyer, and their words were not evidence.

[In contrast, the testimony that the defendant gave from the witness stand is evidence and may be considered by you.][1]   Ultimately, the only evidence you are permitted to consider in this case is from witnesses who testified under oath on the witness stand and from exhibits that were admitted.

---

[1]   The Government proposes that this language be added in the event that the defendant chooses to testify.

82

Adapted from: Sand, *Modern Federal Jury Instructions*, Instr. 1.18 (Third Circuit Pattern Jury Instructions); the charge of the Honorable Gregory H. Woods, *United States v. Atdilon Baez*, 15 Cr. 755.

83

# REQUEST NO. 52

## Defendant's Testimony

## [If Applicable]

[*If a defendant testifies:*] A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and a defendant is presumed innocent. In this case, the defendant(s), NACHMAN HELBRANS (and) MAYER ROSNER, did testify and he/they were subject to cross-examination like any other witness. You should examine and evaluate the defendant's testimony just as you would the testimony of any other witness.

[*If one or more defendant does not testify and requests an instruction concerning his election not to do so:*] The defendant(s), NACHMAN HELBRANS (and) MAYER ROSNER, did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant.

A defendant is never required to prove that he is innocent. Therefore, you must not attach any significance to the fact that the defendant(s) did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in

84

any way in your deliberations in the jury room.

>Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

**REQUEST NO. 53**

**Law Enforcement and Government Employee Witnesses**

**[If applicable]**

You have heard the testimony of law enforcement officials or other witnesses employed by a federal, state, or city Government.   The fact that these witnesses work for a Government entity does not mean that their testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.   At the same time, in considering the credibility of such a witness, you are entitled to consider whether the testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witnesses and to give that testimony whatever weight you find it deserves.

> Adapted from *Sand, Modern Federal Jury Instructions*, Instr. 7-16; and from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

## REQUEST NO. 54

### Accomplice Witness

You have heard from witness Shimon Malka who testified that he was actually involved in carrying out the kidnapping of Jane and John Doe.

The law allows the use of accomplice testimony, and such testimony is properly considered by the jury. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for a conviction if the jury finds that the testimony establishes guilty beyond a reasonable doubt. However, it is also the case that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with special caution. Like the testimony of any other witness, an accomplice's testimony should be given such weight as it deserves in light of all the facts and circumstances.

I have given you some general considerations on credibility, and I am not going to repeat those here, nor will I repeat the arguments that have been made by both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

The fact that a witness is an accomplice should be considered by you as bearing on his credibility. However, it does not follow that, simply because a person has admitted participation in a crime, he is incapable of giving a truthful version of what happened. You should, of course, consider whether the testimony was motivated by reward or self-interest or hostility to the defendant. You should ask yourself whether

the so-called accomplice would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed that he would somehow receive favorable treatment by testifying falsely? Or did he or she believe that his interest would best be served by testifying truthfully?

If you believe a witness was motivated by personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? And did this motivation color his testimony?

Obviously you should reject the testimony if you find it was false. However, if after a cautious and careful examination of the testimony and the witness's demeanor, you are satisfied that the testimony is true, you should accept it as credible and act on it accordingly. You may also accept parts and reject parts of an accomplice's, or of any witness's testimony.

You have heard testimony [if applicable: and arguments] regarding an agreement between the Government and Shimon Malka. It is of no concern of yours why the Government has made an agreement with a witness. Your sole concern is to decide whether the witness has given truthful testimony in this Court before you.

In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to the testimony of the accomplice witnesses.

> Adapted from the charge of Hon. Colleen McMahon in *United States v. Laor*, 03 Cr. 934 (CM).

### REQUEST NO. 55

### Video Testimony

**You have heard testimony by Jane Doe, which was presented by video. The law allows for this type of testimony in a proceeding involving an alleged offense against a child. You may not consider the fact that the law allows testimony in this manner in any way during your deliberations.**

89

**REQUEST NO. 5~~75~~**

**Other Acts**

**[If applicable]**

You have heard evidence that the defendants engaged in conduct other than that charged in the Indictment.   Let me remind you that the defendants are on trial only for the acts charged in the Indictment.   Accordingly, you may not consider this evidence as a substitute for proof that the defendants committed the crimes charged.   Nor may you consider this evidence as proof that the defendants have a criminal personality or bad character.   This evidence was admitted for a more limited purpose, namely for [add following any ruling by the Court].   You may consider it for that purpose only.

The evidence of that conduct is to be considered by you only on the issue I have just mentioned, and not on any other issues.   You may not consider such evidence for any other purpose.   Specifically, you may not use this evidence to conclude that because the defendants committed the other acts they must also have committed the acts charged in the Indictment.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-25. *See United States* v. *Dupree*, 870 F.3d 62, 76-77 (2d Cir. 2017) (holding that the district court's instruction that certain evidence of prior acts was being admitted "for a limited purpose, which is the establishment of a relationship between the witness and defendants" was appropriate).

**REQUEST NO. 5~~86~~**

**Improper Considerations**

In reaching your decision as to whether the Government has sustained its burden of proof, it would be improper for you to consider any personal feelings you have about the defendants' race, religion, national origin, sex, or age.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

Also, any sort of bias, sympathy, or prejudice for or against either side has no relevance to the matter before you.   Under your oath as jurors, you are not to be swayed by bias, sympathy or prejudice.

You are to determine the guilt or innocence of the defendants based solely on the evidence and subject to the law as I have charged you.

91

**REQUEST NO. 5~~97~~**

**Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.   Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.   You are judges – judges of the facts.   Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do *not* report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Adapted from the charge of the Hon. Arnold Bauman in *United States* v. *Soldaro*, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973). *See also United States* v. *Corr*, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), *aff'd*, 543 F.2d 1042 (2d Cir. 1976).

93

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: White Plains, New York
     October 12, 2021

                            Respectfully submitted,

                            DAMIAN WILLIAMSD
                            United States Attorney for the
                            Southern District of New York


                       By:____/s/_____
                            Sam Adelsberg
                            Jamie Bagliebter
                            Jim Ligtenberg
                            Daniel Tracer
                            Assistant United States Attorneys
                            212-637-2494 / 2236 / 914-993-1953