USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/10/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                      :
UNITED STATES OF AMERICA                                              :
                                                                      :
            -v-                                                       :        S3 19-CR-497 (NSR)
                                                                      :           (01) (02) (04)
NACHMAN HELBRANS, MAYER ROSNER, and                                   :
JACOB ROSNER,                                                         :        OPINION & ORDER
                                                                      :
                              Defendants.                             :
                                                                      X
-----------------------------------------------------------------------

Nelson S. Román, United States District Judge:

        The Government called Jane Doe[1] to testify at the trial against Nachman Helbrans and

Mayer Rosner, which began on October 18, 2021. The Government alleges, *inter alia*, that Jane

Doe was forced to marry Co-Defendant Jacob Rosner—Defendant Mayer Rosner's son—when

she was thirteen and he was nineteen and that the Defendants conspired to transport Jane Doe

with an intent of reuniting her with Jacob, so that Jane and Jacob could resume their illicit sexual

relationship. From February 2021 to October 18, 2021, Nachman Helbrans and Mayer Rosner

represented themselves *pro se*. Jacob Rosner, a Co-Defendant who is scheduled to go to trial in

May 2022, has represented himself *pro se* since June 2021 and continues to do so.

        On November 4, 2021, the Court issued an opinion and order holding that Jacob and

Jane's religious marriage was not legally valid "[b]ecause no party has provided the Court with

cognizable evidence that Guatemalan law recognized" it as such, and "therefore, that no marital

privileges preclude Jane Doe from testifying regarding communications between Jane and Jacob

or against Jacob and his alleged coconspirators." *United States of America v. Nachman Helbrans*

---

[1] Jane Doe is listed in the relevant charging documents as "Minor 1." (ECF Nos. 229 and 358.)

*& Mayer Rosner*, No. S2 19-CR-497 (NSR) (01) (02), 2021 WL 5132403, at *4 (S.D.N.Y. Nov. 4, 2021).

On November 8, 2021, the Court received a letter on behalf of Jacob Rosner, from a third-party, which standby counsel has since filed on Jacob Rosner's behalf, which sought to preclude the Court from instructing the jury in the trial of Nachman Helbrans and Mayer Rosner that Jacob's marriage with Jane Doe is invalid. ("Nov. 8 Ltr." (ECF No. 432).) The Court construes Jacob Rosner's most recent letter as a motion for reconsideration of the Court's November 4, 2021 opinion and order holding that the marriage between Jane and Jacob was not legally recognized and, consequently, that no marital or spousal privilege applied to Jane's testimony.[2] Insofar as Jacob seeks reconsideration, the Court denies his motion.

## BACKGROUND

On November 2, 2021, hours before Jane Doe was scheduled to testify in the trial against Nachman Helbrans and Mayer Rosner, the Court received a letter from *pro se* Defendant Jacob Rosner stating in relevant part:

> I, Jacob Rosner, invoke my constitutional right of privacy of marriage and I do not agree that the Government, or any other lawyer, should elicit any testimony from my wife regarding our privacy, communication, or acts and as I know that nobody, including the Government, Jane Doe's lawyers, and her own mother, did not inform Jane Doe that she has a right to invoke this same right not to testify regarding her private communication or acts with her husband.

(ECF No. 423.)

---

[2] Insofar as Jacob Rosner contends that any charges asserted against him should be dismissed, the Court has granted Jacob Rosner and his Co-Defendants Matityau Moshe Malka and Mordechay Malka leave to file supplemental pretrial motions on or before December 22, 2021. (Minute Entry dated September 23, 2021.) Jacob Rosner may assert any motion to dismiss the indictment in his pretrial motions or incorporate the exhibits and arguments in his November 8, 2021 submission by reference in his supplemental pretrial motions.

Prior to Jane's testimony, the Court orally stated that it had received Jacob's letter and that the spousal privilege was inapplicable. On November 8, 2021, the Court issued a written order setting forth its reasoning, holding that the spousal privilege does not bar Jane Doe's testimony because no party had provided the Court with any reason to believe that the marriage was recognized by law. *See Helbrans*, 2021 WL 5132403, at *5.

On November 9, 2021, the Court received an additional letter from *pro se* Defendant Jacob Rosner stating in relevant part:

> This letter and affidavit, signed under penalty of perjury, is a factual and legal declaration regarding the legitimacy of our marriage, as both, I, Jacob Rosner, and my dear wife [Jane Doe] willingly entered in our marriage four years ago, on January 26, 2018; as well, I will prove through this letter/affidavit the absolute validity and legality of our joint religious marriage, according to all factual and legal grounds surrounding our marriage.

> I make this affidavit for the purpose of the ongoing trial of Rabbi Nachman Helbrans and my father, Rabbi Mayer Rosner. Additionally, this letter is to protect against prosecutorial violations and misconduct against my wife [Jane Doe] and my most protected right of marriage, when, on its face, the law clearly recognizes us as legitimate husband and wife, and our marriage as a valid and legal recognized marriage.

(Nov. 8 Ltr. at 3.) The letter states that "[a]ny determination or ruling of the Court to doubt or to declare our marriage to be illegitimate, invalid or unrecognized, will clearly violate my and [Jane Doe's] most protected constitutional and humanitarian rights." (*Id.* at 3 n.2.) The letter purports to explain why the alleged marriage is "clearly recognized" by New York law, Mexican law, and Guatemalan law, and includes five supporting expert witness affidavits—two on Guatemalan and three on Mexican laws. (*See id.*, Ex. I).

## LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the

Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006) (citing cases). District courts "have applied the applicable civil standard to such motions in criminal cases." *United States v. Smith*, 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015) (citation omitted).

"The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *United States v. Smith,* 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015); *United States v. Naranjo*, No. 13–cr–351 (JSR), 2015 WL 2381322, at *1, (S.D.N.Y. May 13, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

A party may introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortg. Co.*, 470 F. Supp. 2d 248, 257–58 (E.D.N.Y. 2007). In the alternative, reconsideration is appropriate if a court "misinterpreted or misapplied" relevant case law in its original decision. *O'Brien v. Bd. of Educ. of Deer Park Union Free School Dist.*, 127 F. Supp. 2d 342, 346 (E.D.N.Y. 2001). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court . . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

**DISCUSSION**

In his letter, Jacob Rosner posits "the absolute validity and legality of [his] joint religious marriage" to Jane Doe. (Nov. 8 Ltr. at 3.) However, nothing in Jacob's letter or the attachments thereto contradict the Court's prior holding that Jacob and Jane's marriage was not recognized by law, nor does Jacob Rosner otherwise demonstrate any error in the Court's November 4, 2021 opinion.

First, none of the five expert affidavits demonstrate that the Court overlooked or misapplied any relevant law. As the Court previously held, the validity of a marriage is determined by the law of the jurisdiction where it is celebrated, and Jacob and Jane are alleged to have been married in Guatemala in or about January 2018. Accordingly, the three expert affidavits provided by Jacob Rosner regarding Mexican law are irrelevant to whether Jane and Jacob's marriage is recognized under Guatemalan law. But while the two expert affidavits on Guatemalan law support the conclusion that there is no criminal penalty for celebrating either a religious marriage or an underage marriage (*see* Ex. I to Nov. 8 Ltr. at 5–6, 22–23), neither affidavit directly nor indirectly supports Jacob Rosner's contention that his alleged marriage—a marriage with a minor—is legally recognizable under Guatemalan law.

Indeed, the opposite is true: one expert affidavit in particular expressly agrees with the Government's expert affidavit in its recognition that underage marriage is prohibited—that is, not legally recognizable—under Guatemalan law and is therefore invalid. (*Compare id.* at 22 ("In Guatemala, until September 2017, the marriage of minors was legal . . . .") *and id.* at 23 ("Now, although it is true that the marriage of minors is duly prohibited, this is due to the fact that the Congress of the Republic of Guatemala echoed the Convention of December 18, 1979, when the United Nations approved the Convention on the Elimination of All Forms of Discrimination

5

Against Women[.] . . . The reason for prohibiting the marriage of minors highlights the intention to sadly avoid the existence of many underage girls, who turn out to be pregnant, truncating their future, however, such practices are not taken to court at all to deduct legal responsibilities corresponding.") *with* Exs. C and D to Gov't Oct. 8 Ltr. (ECF Nos. 376-3 and 376-4) ("Under Guatemalan law, any marriage that involves minors, that is, under the age of eighteen (18) years, is considered illegal, if this marriage was executed after September 21, 2017. . . . "There are no exceptions to this law for religious marriages.").) Because all materials before the Court concerning child marriage in Guatemala during the relevant time period state that underage marriages are prohibited, Jacob Rosner has failed to demonstrate that the Court erred in its conclusion that Jane and Jacob's marriage was not legally valid under Guatemalan law.

Second, Jacob's reliance on *Amsellem v. Amsellem*, 730 N.Y.S.2d 212 (Sup. Ct. 2001), is misplaced and does not warrant reconsideration. In *Amsellem*, the defendant sought to dismiss a divorce action by contending that his marriage was invalid. The defendant argued that his marriage was not legitimate because the parties had only conducted a Jewish Orthodox religious marriage ceremony and not the civil ceremony required under French law. *Id.* The defendant submitted documents indicating that French law penalized religious ministers who performed religious marriage ceremonies prior to a civil marriage. *Id.* The *Amsellem* court rejected the defendant's arguments after concluding that he "failed to overcome the strong presumption of marriage" because the French law the defendant "relied upon [did] not establish [when] a marriage is null and void, but rather that a penalty can be assessed against the person who officiates over the ceremony when it is not conducted in full compliance with the laws of that country." *Id.*

In contrast, Guatemalan law here expressly prohibits any marriage involving minors under the age of eighteen if it occurred after September 21, 2017, and provides no exceptions for religious

marriages. In other words, unlike in *Amsellem*, Guatemalan law *does* establish that underage marriages are null and void. Hence, *Amsellem* does not support but rather refutes Jacob Rosner's contention. Thus, there was no clear error in holding that Jacob Rosner's alleged marriage was invalid.

## CONCLUSION

For the foregoing reasons, the Court denies Jacob Rosner's motion for reconsideration. The Clerk of Court is kindly directed to terminate the motion at ECF No. 432. Standby counsel for *pro se* Defendant Jacob Rosner is directed to provide a copy of this opinion and order to his client and to file proof of service on the docket.

Dated:  November 10, 2021
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE