**Federal Defenders**
OF NEW YORK, INC.

Southern District
81 Main Street, Suite 300
White Plains, N.Y. 10601
Tel: (914) 428-7124  Fax: (914) 997-6872

David E. Patton
*Executive Director
and Attorney-in-Chief*

Jennifer Brown
*Attorney-in-Charge*

December 28, 2021

[VIA ECF AND EMAIL]

The Honorable Nelson S. Román
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re:**   *United States v. Mayer Rosner,* **19cr0497-NSR**

Dear Judge Román:

Mr. Rosner moves for judgment of acquittal on Count Two of the Second Superseding Indictment pursuant to Federal Rule of Criminal Procedure 29 on the grounds that the government failed to prove beyond a reasonable doubt the elements of the offense.

**Background**

On April 19, 2021, a Second Superseding Indictment issued in this case. Count Two charges Nachman Helbrans, Mayer Rosner, Yakov Weingarten, Shmiel Weingarten, and Yoil Weingarten, in part, with Conspiracy to Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. §§ 2423(b) and (e). Specifically, Count Two in the Second Superseding Indictment alleges the following:'

> From at least on or about December 5, 2018 up to and including at least on or about December 27, 2018, in the Southern District of New York and elsewhere, *Nachman Helbrans, Mayer Rosner, Yakov Weingarten a/k/a "Yaakov," a/k/a "Yankev Nachum," a/k/a " Yakov Nachum," Shmiel Weingarten, and Yoil Weingarten, a/k/a "Yole," a/k/a "Yoel,"* the defendants, and others known and unknown, would and did knowingly travel in interstate commerce with a motivating purpose of engaging in illicit sexual conduct, and conspired to do so, to wit, *Helbrans, Rosner, Yakov Weingarten, Shmiel Weingarten, and Yoil Weingarten* devised and executed a plan to travel and transport Minor-1, then fourteen years old, from New York to Pennsylvania and other states en route to Mexico and Guatemala with a motivating purpose of reuniting her with Jacob Rosner, then twenty years old, so that they would engage in illicit sexual conduct~namely, a sexual act with a person under eighteen

> years of age that would be in violation of Title 18, United States Code, Section 2243 (a) (which prohibits knowingly engaging in a sexual act with a person under sixteen who is at least four years younger than the person so engaging) if the sexual act occurred in the special maritime and territorial jurisdiction of the United States.

(emphases added).

Section 2423(b) provides as follows:

> A person who travels in interstate commerce…for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(e) provides that "[w]hoever attempts or conspires to violate subsection (a), (b), (c), or (d) shall be punishable in the same manner as a completed violation of that subsection."

Here, however, even accepting the government's allegations as true for purposes of this Motion, Count Two must be dismissed as a matter of law because there was no agreement to commit the substantive offense, which would require a person to travel in interstate commerce for the purpose of personally engaging in illicit sexual conduct with another.

**Argument**

With regard to the charge of conspiring to violate 18 U.S.C. § 2423(b), "the government must prove that the defendant himself traveled in foreign commerce with the purpose of engaging in illicit sexual conduct." *United States v. Weingarten*, 713 F.3d 704, 709 (2d Cir. 2013). Consequently, it is the mental state of the person while traveling in foreign commerce that is determinative of criminal culpability, and the plain language of § 2423(b) is clear that to violate the statute, the person moving in interstate commerce must do so with the intent to engage in illicit sexual conduct with another person. *See e.g., United States v. Friedman*, 139 F. App/x 330, 332 (2d Cir. 2005) (explaining that the offense under 2423(b) is committed when a person "travels in interstate commerce ... for the purpose of engaging in any illicit sexual conduct with another person" and concluding that "the government's evidence was sufficient to prove that the defendant used internet messages in an attempt to induce a fourteen-year-old to engage in covered sexual activity and that *he traveled in interstate commerce* for the purpose of engaging in illicit sexual contact with a fourteen-year-old") (emphasis added).

Here, however, the government does not allege in Count Two that Jacob Rosner traveled in interstate commerce for the purpose of personally engaging in illicit sexual conduct with Jane Doe or that anybody conspired with Jacob Rosner to travel with his intending to do so. In fact, the government does not charge Jacob Rosner as a principal in Count Two at all, which is odd considering the nature of the statute's intent requirement.

Instead, Count Two alleges that Nachman Helbrans, Mayer Rosner, Yakov Weingarten a/k/a "Yaakov," a/k/a "Yankev Nachum," a/k/a " Yakov Nachum," Shmiel Weingarten, and Yoil Weingarten, a/k/a "Yole," a/k/a "Yoel," all traveled in interstate commerce with each of them having a motivating purpose for that travel of engaging in illicit sexual conduct.  However, the government never argued and doubtfully would ever claim that Nachman Helbrans, Mayer Rosner, Yakov Weingarten a/k/a "Yaakov," a/k/a "Yankev Nachum," a/k/a " Yakov Nachum," Shmiel Weingarten, and Yoil Weingarten, a/k/a "Yole," a/k/a "Yoel," traveled in interstate commerce with the intention of engaging in illegal sexual activity themselves with Jane Doe.  Certainly the evidence presented at trial does not support such an argument.  But, that is what § 2423(b) requires.  Claiming that these men traveled in interstate commerce to reunite Jane Doe with Jacob Rosner so that the couple could have sex to procreate falls short of the proof required on Count Two.  If Jacob Rosner was the person to have engaged in illegal sexual conduct with Jane Doe, then it is Jacob Rosner's intent to engage in that activity that should have been charged and must have been proven beyond a reasonable doubt.  It was not charged and it most certainly was not proven.  Consequently, there was no agreement to violate the statute because Count Two fails to allege an agreement that someone would travel in interstate commerce for the purpose of that person engaging in illicit sexual conduct. *See United States v. Nagarwala*, 438 F.Supp.3d 821 (E.D.Mich. 2020).

The government's closing argument reveals this conflation between Mr. Rosner's intent (and Mr. Helbrans's) and what § 2423(b) requires.  The government argued in closing that "this count [Count Two] alleges that Nachman and Mayer agreed with others that Jacob Rosner, Mayer's son, would travel in interstate or foreign commerce with the intention that Jacob engage in illegal sex."  Nov. 8, 2021 Transcript at 1959.  As stated, the government's theory on Count Two is that  Mr. Rosner intended for Jacob Rosner to travel and to engage in sexual activity with Jane Doe.  This is distinct from Jacob Rosner traveling with the intention that he would engage in sexual activity with Jane Doe.

**Conclusion**

Here, Mr. Rosner (and Mr Helbrans) never possessed the specific intent that the underlying crime be committed because the crime requires that the person traveling do so with the intent to personally engage in illicit sexual conduct. Assuming that the government's claims are true, Mr. Rosner and Mr. Helbrans traveled, but they did not engage in illicit sexual conduct with Jane Doe nor did they personally have such an intent. As a result, there was no intent or agreement to commit the underlying crime, and there can be no conspiracy. Thus, the charge at Count Two against Mr. Rosner (and Mr. Helbrans) must be dismissed.

Respectfully submitted,


 /s/   Jason I. Ser
Jason I. Ser
Mark B. Gombiner
Attorneys for Mr. Rosner

cc:   Sam Adelsberg, A.U.S.A. (via e-mail)
      Jamie Bagliebter, A.U.S.A. (via e-mail)
      Dan Tracer, A.U.S.A. (via e-mail)
      James Ligtenberg, A.U.S.A. (via e-mail)
      Bruce Koffsky/Peter Schaffer (via e-mail)