USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

MAYER ROSNER,

                        Defendant.

S3 19-CR-497 (NSR)
(02)

ORDER

NELSON S. ROMÁN, United States District Judge:

On March 29, 2022, Defendant Mayer Rosner submitted his second renewed request to proceed *pro se* under *Faretta v. California*, 422 U.S. 806 (1975), for purposes of his sentencing, which is currently set for March 31, 2022. (ECF Nos. 515.) Therein, Defendant only contends the following: "In light of the significant statutory and guidelines-based sentencing he faces, [Defendant] believes that renewing his request pursuant to *Farretta* . . . is warranted prior to the sentencing hearing[.]" (*Id.*) The Government opposes such request, noting that Defendant fails to provide any factual or legal basis for re-assessing the Court's previous denial of his original renewed request in an opinion and order dated February 22, 2022 (ECF No. 460). (ECF No. 517.)

As a threshold matter, because the Court has already previously denied Defendant's request to proceed *pro se* for purposes of his sentencing (*see* ECF No. 460), the Court construes the instant request as a motion for reconsideration. Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006) (citing cases). District courts "have applied the applicable civil standard to such motions in criminal cases." *United States v. Smith*, 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015) (citation omitted).

"The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " *United States v. Smith,* 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015); *United States v. Naranjo*, No. 13 Cr. 351 (JSR), 2015 WL 2381322, at *1, (S.D.N.Y. May 13, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

A party may introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortg. Co.*, 470 F. Supp. 2d 248, 257–58 (E.D.N.Y. 2007). In the alternative, reconsideration is appropriate if a court "misinterpreted or misapplied" relevant case law in its original decision. *O'Brien v. Bd. of Educ. of Deer Park Union Free School Dist.*, 127 F. Supp. 2d 342, 346 (E.D.N.Y. 2001). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court . . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

As the Government correctly points out, Defendant fails to allege any facts or law supporting his renewed request to proceed *pro se*. Nowhere does he allege "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error of prevent manifest injustice." *Nat'l Mediation Bd.*, 956 F.2d at 1255. Accordingly, the Court DENIES Defendant's second renewed request to proceed *pro se*, construed as a motion for reconsideration of the Court's February 22, 2022 Opinion and Order.

Dated: March 30, 2022
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE